[S. F. No. 15255.   In Bank.—January 22, 1935.]

In the Matter of the Estate of MATHILDE HERMANN JACKSON, Deceased.   H. L. McALLISTER, Appellant, v. WELLS FARGO BANK AND UNION TRUST COMPANY, Executor, etc., et al., Respondents.

H. L. McAllister, *in pro. per.*, for Appellant.

Heller, Ehrman, White & McAuliffe, Jos. D. Toohig, Fred B. Hart and Hilary H. Crawford for Respondents.

WASTE, C. J.—Respondents, the executor of the estate and certain legatees of the deceased, moved to dismiss the appeal in this matter on the ground that the issues involved have become moot.   The motion appears to be good.

From the record supporting the motion it appears that the appellant, an attorney at law, appeals from a decree of distribution made in the matter of the estate of the deceased.   He is not a party interested in the estate, but, for a time, represented, as attorney, certain of the heirs of the deceased under a contract of employment, to secure which

these heirs assigned to him one-quarter of the total amount of their interest in the decedent's property. Prior to the time when a decree of ratable distribution was made, these heirs discharged appellant as their attorney, and disputed his claim to the compensation mentioned in the contract of employment. In consequence, the court, by the decree, set aside the moneys claimed by appellant for and as his compensation, directed the executor to hold in reserve such moneys, and reserved jurisdiction to determine the controversy over it.

Appellant appeals from that portion of the decree which withheld the moneys from him. It is the contention of the moving parties here that the question has become moot for the reason that the issue has been determined and settled in another action between all the interested parties, instituted and decided after this appeal was taken. Such appears to be the case.

The action instituted by the interested heirs of the decedent against this appellant (*Maibaum et al.* v. *McAllister,* S. F. No. 15218) was one for declaratory relief. After answer by the defendant [appellant here], trial was had, findings of fact and conclusions of law were made and filed, and judgment was entered. The court held that the contract on which defendant rested his claim did not vest in him a power coupled with an interest, nor vest in him a present interest in twenty-five per cent of the legacies or devises to be distributed to his former clients; that the contract of employment had been abrogated; and that any services thereafter performed were performed under employment different from that specified in the contract. On this basis, the defendant was given judgment "for the reasonable value of his said services", payable out of the money held in reserve by the executor of the estate, under the terms of the decree of ratable distribution, said moneys to "constitute payment in full, defendant [to] receive no further property or moneys from said estate". From this judgment the defendant appealed, but the appeal not having been perfected within time, it was dismissed by order of this court on October 2, 1934, and the *remittitur* issued thirty days later.

The judgment in the Maibaum action, *supra,* having become final, it only remains to be determined if the same

issues were considered and decided in the decree of ratable distribution and in the action for declaratory relief. We are of the view that they are precisely the same.

Such being our conclusion, it becomes unnecessary to pursue the consideration further.

The motions to dismiss the appeal are granted, and the appeal is dismissed.

Preston, J., Curtis, J., Langdon, J., Seawell, J., and Shenk, J., concurred.

Rehearing denied.